

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Bayne Satterfield, Commissioner
Fireman's Pension Commission
P. O. Box 1062
Austin, Texas

Dear Sir:                    Opinion No. O-6004
                             Re: Construction of H. B. 258,
                                 Ch. 125, Acts 45th Legisla-
                                 ture, Regular Session, p.
                                 229, with respect to the
                                 basis for contributions to
                                 State Fireman's Disability
                                 and Retirement Fund, where
                                 member receives overtime
                                 pay.

        Your letter of October 21st requesting an opin-
ion from this department reads in part as follows:

        "Because of the man-power shortages in the
    fire departments due to war conditions, some
    of the firemen are required to work overtime
    and some in the same department are not requir-
    ed to work overtime. The overtime is paid on
    an hourly basis. Should the firemen who work
    overtime pay into the Fund on the basis of their
    regular salary or should they pay into it on the
    basis of the salary plus the overtime?"

        You were heretofore advised by this department in
our Opinion No. O-4323 as follows:

        "After a consideration of the bill as a
    whole, the purposes of the Act and the manner
    of carrying out the provisions thereof, we are
    of the opinion that it was the intention of the
    Legislature to require the payments to be made
    on the basis of the compensation actually re-
    ceived by the fireman/"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Insofar as the facts which invoked Opinion O-4323 were somewhat different from those contained in your later request, we have again examined the provisions of House Bill 258, Forty-fifth Legislature, 1937, commonly known as the State Fireman's Relief and Retirement Law.

We find nothing therein contained which would change our opinion as previously stated. Section 10 of this Act is quoted in our earlier opinion and provides that the deductions are to be made from the member's salary or compensation. Any overtime pay received by a fireman, by virtue of Article 1583 of the Penal Code, must be considered a part of his salary or compensation according to the well recognized definitions of those words as set out in our earlier opinion.

Your attention is also directed to this department's opinion No. O-4787, wherein we held:

"Fireman B, who receives a salary of $100.00 per month as a paid fireman, and in addition is permitted to live in the fire station with his family without payment of rent, should contribute to the fund upon the basis of his full compensation -- salary, plus rent -- and the local Board should determine the amount according to the fair and reasonable rental value of the quarters supplied to the fireman. This is a fact inquiry by the Board to be determined upon pertinent evidence to be heard and considered by it."

Trusting this fully answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Benjamin Woodall
Benjamin Woodall
Assistant

By H. T. Bob Donahue
H. T. Bob Donahue

HTBD:DB